UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor, United States          :
Department of Labor,

                                                          :

                          Plaintiff,          :          Case No. 23-1573

                 v.          :          **COMPLAINT**

SUNRISE HOME CARE INC. and ELSA SILVA,          :

                       Defendants.          :
-------------------------------------------------------------------
                                                             :

## INTRODUCTION

1.     Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action pursuant to the authority granted by sections 16 and 17 of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "Act" or the "FLSA"), to restrain Defendants SUNRISE HOME CARE INC. ("Sunrise") and ELSA SILVA from retaliating against current and former employees, in violation of section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), and interfering with the Secretary's investigation in violation of section 11(a) of the FLSA.

2.     The Secretary is charged with investigating employers to ascertain their compliance with the minimum wage, overtime, recordkeeping and anti-retaliation requirements set forth in the FLSA.

3.     Since the United States Department of Labor (the "Department") initiated an investigation of Defendants to determine whether they are in compliance with the FLSA, Defendants have embarked on an unlawful scheme intended to obstruct and/or interfere with the Department's investigation.

4.     In furtherance of their scheme, Defendants relied on witness intimidation and retaliation including asking Sunrise home health aides about their communications with the

Department, asking them about the identity of the presumed complainant responsible for the investigation, coaching them on what to say to the Department, directing them to lie to the Department about Defendants' pay practices, pressuring them to put false information about Defendants' pay practices in writing, and pressuring them to renounce preemptively the right to any monies owing as a result of the Department's investigation. Defendants have threatened to close the business and warned of other negative consequences, such as job losses and court action if Defendants are required to pay overtime as a result of the investigation.

5.      Defendants' conduct undermines the Secretary's ability to fulfill his statutory obligation to enforce the Act.

6.      Accordingly, the Secretary brings this action to enjoin Defendants and those acting on their behalf from taking any additional acts in furtherance of their unlawful scheme to obstruct the Secretary's enforcement of the Act and prevent further retaliation against employees.

## JURISDICTION AND VENUE

7.      Jurisdiction over this action is properly conferred upon this Court by section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

8.      Venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events or omissions giving rise to the claims herein occurred within this District, specifically, in Putnam County. 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

### The Parties

9.      Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor, is vested with authority to sue to stop violations of the FLSA, recover compensatory and punitive damages, and is the proper plaintiff for this action.

2

10.     Defendant Sunrise Home Care Inc. ("Sunrise") is a corporation organized under the laws of the State of New York, with its corporate office at 15 Cooledge Drive, Brewster, New York in Putnam County, within the jurisdiction of this Court.

11.     Sunrise is a home care agency that provides home health aide services to elderly clients, including but not limited to administering medications, bathing, feeding, and otherwise taking care of Sunrise clients in their homes.

12.     Sunrise has regulated the employment of all persons employed by it, and acted directly and indirectly in the company's interest in relation to the employees during the relevant time period. Thus, Sunrise Home Care is an "employer" of the employees within the meaning of section 3(d) of the FLSA, 29 U.S.C.§ 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

13.     Defendant Elsa Silva ("Silva") is the owner and chief executive officer of Sunrise Home Care Inc.

14.     Defendant Silva is and has been in active and operational control and management of Sunrise.

15.      Defendant Silva has authority to and does, hire and fire the home health aides who perform work for Sunrise ("Sunrise HHAs" or "HHAs"), determine HHAs' compensation and work schedules, paid HHAs their wages, and directed HHAs' work.

16.     Defendant Silva has regulated the employment of all persons she employed and acted directly and indirectly in the interest of Defendant Sunrise in relation to the employees during the relevant time period. She is thus an "employer" of employees within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d), and is a "person" within the meaning of section 3(a) of the FLSA, 29 U.S.C. § 203(a).

17.     Defendant Silva resides in the state of New York, within the jurisdiction of this Court.

## The Department's Investigation

18.     In January 2023, the Department's Wage and Hour Division ("WHD") initiated an investigation to determine whether Defendants were in compliance with the FLSA, 29 U.S.C. § 201 *et seq*. (the "Investigation").

19.     On January 5, 2023, WHD investigators visited Sunrise's corporate office unannounced and met with Defendant Silva, informing her of the Investigation.

20.     On January 5, 2023, Defendant Silva told WHD investigators that Defendants do not pay HHAs time and one half for hours worked over 40 hours in a single workweek.

21.     On January 5, 2023, Defendant Silva told WHD investigators that Sunrise HHAs sometimes work over 40 hours in a single workweek.

22.     On January 5, 2023, WHD investigators requested records from Defendants, including the names of HHAs who performed work for Sunrise during the last two years.

23.     On January 5, 2023, WHD investigators provided Defendants certain information, including "Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act (FLSA)," which notified Defendants of the FLSA's anti-retaliation prohibitions.

24.     On January 5, 2023, WHD investigators discussed the FLSA's anti-retaliation provision with Defendant Silva. WHD investigators specifically told Defendant Silva that Defendants could not retaliate or try to impede the investigation in any way. They told Defendant Silva that their interviews were confidential and that she must not ask about the content of WHD interviews, including the questions WHD asked.

25.    On January 10, 2023, Defendants provided WHD with a document entitled "Home Health Aide Roster," which included names, contact information and other details.

**Defendants' Retaliation Against HHAs and
Obstruction of the Department's Investigation**

26.    Shortly after the January 5th meeting, Defendant Silva began to contact Sunrise HHAs about the Investigation.

27.    On January 13, 2023, counsel for the Secretary contacted Defendants' attorney to relay concerns regarding reports of obstruction and retaliation and ensure that such conduct stop immediately.

28.    Defendant Silva continued to communicate with Sunrise HHAs about the Investigation even after she was put on notice of the FLSA's prohibition against retaliation and obstruction by counsel for the Secretary.

29.    After Defendant Silva learned about the Investigation, she asked HHAs about their communications with WHD.

30.    After Defendant Silva learned about the Investigation, she attempted to uncover the identity of a presumed complainant. To that end, Defendant Silva used numerous tactics to pressure HHAs for information about the presumed complainant.

31.    After Defendant Silva learned about the Investigation, she instructed Sunrise HHAs to lie to WHD about their hours and wages.

32.    For example, Defendant Silva directed Sunrise HHAs to falsely tell WHD that they voluntarily agreed not to be paid overtime premiums when they worked more than 40 hours in a single workweek.

33.     Defendant Silva also pressured Sunrise HHAs to falsely state in writing that they voluntarily agreed to forego payment of overtime premiums when they worked more than 40 hours in a single workweek.

34.     Defendants arranged for the preparation of a document for Sunrise HHAs to sign stating that employees agreed not to be paid overtime premiums and Defendant Silva pressured them to sign it.

35.     After she learned about the Investigation, Defendant Silva told Sunrise HHAs that she would have to close the business and they would lose their jobs if, as a result of the WHD investigation, Defendants had to pay overtime premiums.

36.     After she learned about the Investigation, Defendant Silva threatened potential court action and appearances, including if HHAs told WHD certain information.

37.     After she learned about the Investigation, Defendant Silva threatened kickbacks, *i.e.*, the return of any back wages to Defendants, if at the end of the investigation, WHD determined that Defendants owed monies.

38.     Defendant Silva advised Sunrise HHAs that any monies owed as a result of the investigation belonged to Defendants.

39.     During the Investigation, at least one HHA declined to speak with WHD investigators. At least one person who was initially cooperative, stopped cooperating before WHD investigators could conduct an interview.

### <u>FIRST CAUSE OF ACTION</u>
**(Retaliation Against Employees in Violation of the FLSA, 29 U.S.C. § 215(a)(3))**

40.     The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

41.     Since WHD informed Defendants about the Investigation on January 5, 2023, Defendants have retaliated against Sunrise HHAs because they engaged in or were about to or were perceived as likely to have or be about to engage in protected activity of cooperating fully in the Investigation by (a) speaking truthfully with WHD investigators; (b) seeking the benefits of the Investigation, including the receipt of any monies owed as a result of the Investigation; or (c) otherwise cooperating with the Investigation.

42.     Defendants' retaliatory conduct includes: (a) asking Sunrise HAAs about their communications with WHD; (b) instructing Sunrise HHAs to provide false information to WHD; (c) pressuring them to renounce their right to any back wages owed as a result of the WHD investigation; and (d) threatening job losses and other negative consequences if the Investigation in fact resulted a determination that Defendants owed any monies to HHAs.

43.     As a result of Defendants' conduct set forth in the Complaint, a reasonable employee would be dissuaded from engaging in activities protected under the Act, such as speaking truthfully to the Department's investigators, or otherwise participating fully in the Department's investigation by refusing to renounce their right to any back wages owed as a result of the Investigation or testifying in a proceeding.

44.     By engaging in the conduct set forth in this Complaint, Defendants have willfully violated section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by retaliating against HHAs for engaging in, preparing to engage in, or in anticipation of activity that is protected by the FLSA, specifically speaking truthfully to the Department about Defendants' pay practices, hours worked, and other working conditions and seeking, receiving, and retaining any benefit of the WHD investigation.

## SECOND CAUSE OF ACTION
### (Obstruction of the Secretary's Investigation in Violation of the FLSA, 29 U.S.C. § 211(a))

45.     The Secretary incorporates by reference and re-alleges all foregoing allegations of the Complaint.

46.     During the course of the Investigation, Defendants have communicated with Sunrise HHAs about the Investigation, both asking about their communications with WHD and attempting to uncover the identity of the presumed complainant to blame for the Investigation.

47.     During the course of the Investigation, Defendants have instructed Sunrise HHAs not to speak with the Department of Labor or otherwise provide false or misleading information to the Department regarding their pay;

48.     During the course of the Investigation, Defendants have pressured Sunrise HHAs to put false information about Defendants' pay practices in writing;

49.     During the course of the Investigation, Defendants have pressured Sunrise HHAs to agree to renounce their right to any back wages that result from the Investigation;

50.     During the course of the Department's investigation, Defendants have threatened kickbacks and job losses if the Investigation results in Defendants having to pay overtime to Sunrise HHAs;

51.     As a result of Defendants' conduct, as set forth in the Complaint, the Investigation has become fraught; intimidation, threats and retaliation permeate Defendants' workplace, and complicated the Department's investigation. During the Investigation, at least one HHA declined to speak with WHD investigators. At least one person who was initially cooperative, stopped cooperating before WHD investigators could conduct an interview.

52.     By engaging in the conduct set forth in this Complaint, Defendants have willfully violated section 11(a) of the FLSA, 29 U.S.C. § 211(a), by engaging in a scheme designed to obstruct and interfere with the Department's investigation.

**WHEREFORE**, cause having been shown, the Secretary respectfully requests this Court enter judgment against Defendants providing the following relief:

a.     An injunction issued pursuant to section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concern or participation with Defendants, from violating the provisions of section 11(a) of the Act;

b.     An injunction issued pursuant to Section 17 of the Act permanently restraining Defendants, their officers, agents, servants, employees, successors, and those persons in active concert or participation with Defendants, from violating the provisions of section 15(a)(3) of the Act, including by terminating or threatening to terminate any HHA; reporting or threatening to report any HHA or former HHA to immigration authorities or other law enforcement because of their protected activity; blacklisting or threatening future work; withholding wages or threatening to withhold wages; advising any current and former Sunrise HHAs that they must agree to return, or "kick back," to Defendants any back wages the Department may determine Defendants owe as a result of the investigation; or intimidating, coercing, threatening, retaliating or discriminating against any HHA or former HHA in any other way, to prevent former or current HHAs from speaking with or participating in the Department's investigation or based on Defendants' belief that such former or current HHAs intend to testify in any proceeding under the Act, have complained about wage violations, have spoken or will speak with any personnel from the U.S. Department of Labor, or have engaged in any other protected activity.

      c.      An injunction pursuant to section 17 of the Act requiring that at least seven days prior to any termination of any employee for any reason, Defendants shall provide a written notice to the Wage and Hour Division of the U.S. Department of Labor;

      d.      An order awarding compensatory and punitive damages for Defendants' retaliation against employees in violation of section 15(a)(3) of the Act;

      e.      An order awarding Plaintiff the costs of this action;

      f.      An order granting such other relief as the Court may deem necessary or appropriate.

DATED:      February 24, 2023
               New York, New York

SEEMA NANDA
Solicitor of Labor

JEFFREY S. ROGOFF
Regional Solicitor

S/ Allison L. Bowles
ALLISON L. BOWLES
Senior Trial Attorney

U.S. Department of Labor
Office of the Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3658
(646) 264-3660 (fax)
Bowles.allison@dol.gov
NY-SOL-ECF@dol.gov

*Attorneys for Plaintiff Secretary of Labor*