UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

JULIE A. SU, Acting Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.

SUNRISE HOME CARE, INC. and ELSA SILVA;

      Defendants.
-------------------------------------------------------------------

No. 7:23-CV-1573

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/24

## CONSENT JUDGMENT

Plaintiff Julie A. Su, Acting Secretary of Labor ("Plaintiff" or "the Acting Secretary"), United States Department of Labor (the "Department") filed an Amended Complaint on January 3, 2024, and Defendants Sunrise Home Care, Inc. and Elsa Silva ("Defendants") appeared by counsel, filed their Answer to the Amended Complaint, and agree to the entry of this Judgment without contest.

Plaintiff's Amended Complaint alleges that Defendants violated sections 7 and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.) (the "Act" or the "FLSA") by misclassifying the home health aides ("HHAs") they sent to provide care to their patients as independent contractors instead of employees and providing no overtime premiums when the HHAs worked more than 40 hours in a workweek. The Amended Complaint further alleged that Defendants failed to create and maintain adequate records of the HHAs' daily and weekly hours of work, including daily start and stop times, and overtime hours worked, in violation of sections 11(c) and 15(a)(5) of the Act. In addition, the Amended Complaint alleged that

Defendants violated sections 11(a) and 15(a)(3) of the Act by retaliating against HHAs for engaging in activity protected by the Act.

Defendants agree that they are a covered enterprise under section 3(s) of the FLSA and that the provisions of the Act apply to Defendants.

Defendants agree that Defendants are an employer within the meaning of section 3(d) of the Act.

Defendants admit that during the period May 17, 2021 to May 14, 2023 they misclassified the HHAs they sent to care for their clients as independent contractors rather than employees.

Defendants admit that during the period May 17, 2021 to May 14, 2023 they employed HHAs in excess of 40 hours in a work week without paying overtime premiums as required by the Act.

Defendants submit to the jurisdiction of this Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enter and enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

Defendants acknowledge that they have notice of, have read, and understand the provisions of this Consent Judgment, acknowledge their responsibilities pursuant to this Consent Judgment and that they may be subject to sanctions in contempt of this Court and may be subject to punitive damages if they fail to comply with the provisions of this Consent Judgment.

It is, therefore, upon motion of the attorneys for Plaintiff and for cause shown,

ORDERED that:

 I. Defendants, the corporate Defendants' officers, employees, agents, and all persons acting or claiming to act in Defendants' behalf and interest, be, and hereby are, permanently

enjoined and restrained from violating the provisions of sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 201 et seq., in any of the following manners:

1) Defendants shall not, contrary to section 7 of the Act, employ any of their non-exempt employees in any workweek for workweeks longer than the hours now, or which in the future become, applicable under sections 7 and 15(a)(2) of the Act, unless the employee receives compensation for their employment in excess of the prescribed hours at rates not less than one and one-half times the employees' regular rates as required by Section 7 of the Act.

2) Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the Regulations issued pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

3) Defendants shall not violate the provisions of sections 11(a) and 15(a)(3) of the Act in any manner. Among other prohibited acts of retaliation, Defendants and any other persons subject to this permanent injunction shall not:

   a. Seek to have any employee kick back or return any compensation that is owed to that employee;

   b. Accept any monies paid to any employee pursuant to this Judgment;

   c. Terminate or threaten to terminate the employment, reduce hours or threaten to reduce hours, intimidate, coerce, threaten, or retaliate or discriminate against its employees in any other way, based on Defendants' belief that such employee has engaged in or is about to engage in any protected activity under the Act;

    d. Ask any employee or former employee to disclose whether the employee or former employee has communicated or will communicate with the Department of Labor, or whether the employee or former employee has otherwise engaged in protected activity under the Act; or

    e. Instruct any employee or former employee not to speak to, or to provide false information to, the United States Department of Labor, or otherwise influence any employee or former employee with respect to their participation in any investigation conducted or legal proceeding brought by the United States Department of Labor.

    f. Instruct any employee, officer, or agent of the Defendants from taking any action in violation of the provisions of sections 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the Act, 29 U.S.C. §§ 201 *et seq.* as set forth in this Paragraph 3.

II.    Upon the parties' agreement that unpaid overtime back wages are owed to Defendants' current and former employees listed on Exhibit A to Plaintiff's First Amended Complaint, and shall be paid, in the amount of **$95,000.00**, plus an equal additional amount of liquidated damages of **$95,000.00**, and **$10,000** in damages, for a total amount of **$200,000.00**, plus post-judgment interest, to be calculated as to all payments other than the first payment of **$50,000.00** at a rate of 4.3%:

ORDERED that Defendants and all persons acting on their behalf are enjoined and restrained from withholding the payment of **$95,000.00** in unpaid overtime back wages due to Defendants' current and former employees in the amounts listed opposite their names on Exhibit A attached hereto. Further, Defendants shall pay a total of **$95,000.00** in liquidated damages, plus

4

$5,432.69 in post-judgment interest due, to Defendants' employees in the amounts listed opposite their names in Exhibit A, and $10,000 in damages. These payments shall be made by Defendants in accordance with Paragraph III of this Consent Judgment.

III.  The provisions of this Consent Judgment relative to back wages, liquidated damages, damages, and post-judgment interest shall be deemed satisfied when Defendants have fully complied with the terms of payment set forth below and on the attached Exhibit B. All payments shall be paid by Defendants by credit card, debit card, or bank account transfer by going to www.pay.gov and, for electronic payment of the back wages, liquidated damages, damages, and post-judgment interest due employees totaling $205,432.69.00, take the following steps:

1) Go to https://pay.gov/public/form/start/77689032 or to http://www.pay.gov and searching for WHDBWNE
2) Select "Continue to Form" and complete the required fields.
3) For "BW Case Number" enter "1974440".
4) The "Date of Assessment" is the date this Consent Judgment is approved by the Court.

IV.  Plaintiff shall distribute the payments set forth in paragraphs II-III to Defendants' former and current employees or to their estates. Any sums not distributed within a period of three years from the date of receipt shall, pursuant to section 16(c) of the Act, be covered into the Treasury of the United States as miscellaneous receipts. Defendants remain responsible for paying the employer's share of any applicable taxes to the appropriate state and federal revenue authorities.

V.  Defendant shall not in any way directly or indirectly demand, require, or accept any of the back wages, liquidated damages, or interest from any person listed in Exhibit A, attached hereto, or from their personal representatives or estates, nor shall Defendants directly or indirectly

5

instruct or cause any person to take such actions on their behalf. Defendants shall not threaten or imply that adverse action will be taken against any person listed in Exhibit A hereto because of their receipt of funds due under the provisions of this Consent Judgment or the Act, nor shall Defendants directly or indirectly instruct or cause any person to take such actions on their behalf. Violation of this Paragraph V may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

VI.  Defendants shall assist the Plaintiff in the distribution of the back wages, liquidated damages, and interest due by providing the last known address, email address, and social security number, if such are available, of the current and former employees listed in Exhibit A within 30 days of the date of entry of this Consent Judgment.

VII.  In the event that Defendants fail to make any of the payments set forth Paragraph III of this Consent Judgment within fifteen (15) calendar days of its due date, Plaintiff's representatives will notify Defendants by email to Defendants' attorney Scott J. Steiner by email at sjsteiner@hrllawyers.com. Defendants are responsible for timely notifying the U.S. Department of Labor of any change in the identity or contact information of their attorneys. If Plaintiff does not receive payment within 10 calendar days of such notification, then the total amounts due, less any amounts already received by Plaintiff pursuant to this Consent Judgment, shall become due immediately, and Plaintiff may request that the Court appoint a Receiver to effectuate all of the terms of this Consent Judgment. Defendants shall have the opportunity to oppose any such request. No action or non-action by Plaintiff shall constitute a waiver of this Paragraph. In the event a Receiver is appointed:

> 1) Defendants shall cooperate with the Receiver in all respects, and shall provide to the Receiver any and all information which the Receiver may require to carry out its

appointment and in accordance with the authority given to the Receiver pursuant to applicable law at the time of appointment.

2) All the expenses of the accountant or Receiver shall be borne solely by Defendants.

3) If the Court appoints a Receiver, the Receiver shall serve until the payment of the monetary terms of this Judgment are satisfied.

4) The Receiver shall have full authority to: collect the assets of Defendant Sunrise and report their findings to the Court and the parties; to redeem and/or liquidate Defendant Sunrise's assets and turn over the proceeds to the Secretary; if the asset is a debt that is due, collect it and turn over the proceeds to the Secretary; to analyze all indebtedness and where deemed appropriate seek restructuring; to analyze all transfers of Defendant Sunrise's assets; to prevent fraud or waste; and to do all acts and take all measures necessary or proper for the efficient performance of the duties under this Judgment.

VIII.   Defendants shall distribute a copy of the attached Exhibit C (Notice to Employees) as well as a copy of the flyers entitled "Employee Rights Under the Fair Labor Standards Act" as well as "Fact Sheet #23: Overtime Pay Requirements of the FLSA" and "Fact Sheet #77A: Prohibiting Retaliation Under the Fair Labor Standards Act" as issued by the U.S. Department of Labor. Defendants shall distribute these copies to each current employee within thirty (30) calendar days of the date of entry of this Consent Judgment.

IX.   Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees not listed on Exhibit A of this Consent Judgment, be they current or former employees, to file any action against Defendants under section 16(b) of the Act. Additionally, neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all

legal rights of any employees, be they current or former employees, to file any action against Defendants under section 16(b) of the Act for violations alleged to have occurred after May 14, 2023.

X. Each party will bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

XI. The Court retains jurisdiction over this matter for the purposes of enforcing this Consent Judgment.

DATED: __October 16__, 2024
WHITE PLAINS, NEW YORK

Clerk is instructed to terminate the motion (Doc #74) and close this case

SO ORDERED:

_____
HONORABLE VINCENT L. BRICCETTI
UNITED STATES DISTRICT JUDGE

Defendants appeared by the undersigned counsel and hereby consent to the entry of this Judgment.

BY: _____
SUNRISE HOME CARE, INC.
By, ELSA SILVA, President

BY: _____
ELSA SILVA, Individually

_____
Scott J. Steiner, Esq.
Hogan, Rossi & Liguori
3 Starr Ridge Rd.
Brewster, NY 10509
sjsteiner@hrllawyers.com
*Attorney for Defendants*

8

STATE OF NEW YORK    )
                     :SS:
COUNTY OF PUTNAM     )

> Sarah M. Tobin
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01TO6432691
> Qualified In Putnam County
> Commission Expires    May 9, 2026

On the 10 day of September 2024 before me came **ELSA SILVA**, to me known, who, being by me duly sworn, did depose and say that she is a duly authorized officer of **SUNRISE HOME CARE INC.**, described in and which executed the foregoing instrument, that she signed his name thereto by like order.

_____
NOTARY PUBLIC

STATE OF NEW YORK    )
                     :SS:
COUNTY OF PUTNAM     )

> Sarah M. Tobin
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 01TO6432691
> Qualified in Putnam County
> Commission Expires    May 9, 2026

On the 10 day of September 2024 before me came **ELSA SILVA**, to me known and known to me to be the individual described in and who executed the foregoing instrument and she duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

## EXHIBIT A – BACK WAGES AND LIQUIDATED DAMAGES DUE

| First Name | Last Name | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|---|
| Rosa Cruz | Aceituno | $59.63 | $59.63 | $119.26 |
| Maria | Alverez | $143.19 | $143.19 | $286.38 |
| Karen | Barco Salguero | $121.29 | $121.29 | $242.58 |
| Bertha | Cabrera | $70.75 | $70.75 | $141.50 |
| Alexandra Orrega | Castano | $308.61 | $308.61 | $617.22 |
| Isilda | Castro | $157.34 | $157.34 | $314.68 |
| Maria | De Romero | $3,006.97 | $3,006.97 | $6,013.94 |
| Maria | De Souza Paes | $1,857.42 | $1,857.42 | $3,714.84 |
| Camilla | Duarte | $312.66 | $312.66 | $625.32 |
| Zaida | Encarnacion | $227.42 | $227.42 | $454.84 |
| Jasmin | Esquivel | $3,790.68 | $3,790.68 | $7,581.36 |
| Johana | Flores | $1,093.63 | $1,093.63 | $2,187.26 |
| Maria | Galvez | $8,583.93 | $8,583.93 | $17,167.86 |
| Rosario | Gionte | $3,117.98 | $3,117.98 | $6,235.96 |
| Iris | Giron | $44.81 | $44.81 | $89.62 |
| Judith | Gomez | $687.98 | $687.98 | $1,375.96 |
| Delmi | Gutierrez | $714.60 | $714.60 | $1,429.20 |
| Michele | Hawthorne | $386.61 | $386.61 | $773.22 |
| Jennifer | Lemus | $1,485.80 | $1,485.80 | $2,971.60 |
| Blanca | Lopez Vasquez | $10,555.06 | $10,555.06 | $21,110.12 |
| Elizette | Manfredim | $6,976.51 | $6,976.51 | $13,953.02 |
| Iris | Martinez | $3,056.67 | $3,056.67 | $6,113.34 |
| Maritza | Mena | $2,457.46 | $2,457.46 | $4,914.92 |
| Ninfa | Mendieta | $188.67 | $188.67 | $377.34 |
| Mariela | Menendez | $1,707.49 | $1,707.49 | $3,414.98 |
| Sarai Raquel | Montoya Fuentes | $221.69 | $221.69 | $443.38 |
| Ninfa | Mora | $1,240.86 | $1,240.86 | $2,481.72 |
| Claudia | Morales | $242.58 | $242.58 | $485.16 |
| Heide Karina | Mosquera | $260.60 | $260.60 | $521.20 |
| Yesenia Zuniga | Navarro | $7,972.94 | $7,972.94 | $15,945.88 |
| Elizabetta | Nrecaj | $230.30 | $230.30 | $460.60 |
| Katherine | Pacheco | $587.92 | $587.92 | $1,175.84 |
| Sulma | Pascual Abzum | $199.12 | $199.12 | $398.24 |
| Daniela | Patino | $3,310.87 | $3,310.87 | $6,621.74 |
| Belgica Faviola | Portillo | $963.11 | $963.11 | $1,926.22 |
| Adriana | Rauda | $737.85 | $737.85 | $1,475.70 |
| Jeanette | Reynoso | $5,380.54 | $5,380.54 | $10,761.08 |
| Anna | Rivas Valle | $6,372.08 | $6,372.08 | $12,744.16 |
| Marcia | Rodriguez | $96.19 | $96.19 | $192.38 |
| Cecilia Marisol | Salamanca | $8,969.70 | $8,969.70 | $17,939.40 |

## EXHIBIT A – BACK WAGES AND LIQUIDATED DAMAGES DUE

| | | | | |
|---|---|---|---|---|
| Anna | Salamanca | $3,420.70 | $3,420.70 | $6,841.40 |
| Silvia | Toledo | $2,049.79 | $2,049.79 | $4,099.58 |
| Sarah | Velin | $391.50 | $391.50 | $783.00 |
| Marisol | Zabala | $1,238.50 | $1,238.50 | $2,477.00 |
| | **TOTAL** | **$95,000.00** | **$95,000.00** | **$190,000.00** |

## EXHIBIT B (SCHEDULE OF PAYMENTS)

| Payment No. | Due Date | Principal Amount Due | Amount Type | Interest Due | Total Due |
|---|---|---|---|---|---|
| 0. | 10/30/2024 | $50,000.00 | Liquidated Damages | $0.00 | $50,000.00 |
| 1. | 11/30/2024 | $7,643.17 | Liquidated Damages | $537.5 | $8,180.67 |
| 2. | 12/30/2024 | $7,670.56 | Liquidated Damages | $510.11 | $8,180.67 |
| 3. | 01/30/2025 | $7,698.04 | Liquidated Damages | $482.63 | $8,180.67 |
| 4. | 02/28/2025 | $7,725.63 | Liquidated Damages | $455.04 | $8,180.67 |
| 5. | 03/30/2025 | $7,753.31 | Liquidated Damages | $427.36 | $8,180.67 |
| 6. | 04/30/2025 | $7,781.09 | Liquidated Damages /Damages | $399.58 | $8,180.67 |
| 7. | 05/30/2025 | $7,808.98 | Damages/Back Wages | $371.69 | $8,180.67 |
| 8. | 06/30/2025 | $7,836.96 | Back Wages | $343.71 | $8,180.67 |
| 9. | 07/30/2025 | $7,865.04 | Back Wages | $315.63 | $8,180.67 |
| 10. | 08/30/2025 | $7,893.22 | Back Wages | $287.45 | $8,180.67 |
| 11. | 09/30/2025 | $7,921.51 | Back Wages | $259.16 | $8,180.67 |
| 12. | 10/30/2025 | $7,949.89 | Back Wages | $230.78 | $8,180.67 |
| 13. | 11/30/2025 | $7,978.38 | Back Wages | $202.29 | $8,180.67 |
| 14. | 12/30/2025 | $8,006.97 | Back Wages | $173.7 | $8,180.67 |
| 15. | 01/30/2026 | $8,035.66 | Back Wages | $145.01 | $8,180.67 |
| 16. | 02/28/2026 [handwritten correction] | $8,064.46 | Back Wages | $116.21 | $8,180.67 |
| 17. | 03/30/2026 [handwritten correction] | $8093.35 | Back Wages | $87.32 | $8,180.67 |
| 18. | 04/30/2026 [handwritten correction] | $8122.36 | Back Wages | $58.31 | $8,180.67 |
| 19. | 05/30/2026 [handwritten correction] | $8151.42 | Back Wages | $29.21 | $8,180.63 |

## EXHIBIT C – NOTICE TO EMPLOYEES (English)

SUNRISE HOME CARE INC. and ELSA SILVA (together "Defendants") have settled a lawsuit with the U.S. Department of Labor (the "Department") and entered into a settlement agreement pertaining to their employees. The settlement agreement has been approved by a judge.

Under the settlement agreement, Defendants will pay the U.S. Department of Labor back wages for certain current and former employees who worked as home health aides for Sunrise from May 17, 2021 to May 14, 2023, and the Department will distribute the back wages directly to the employees.

You have the right to receive the full amount of any back wages (after taxes) and liquidated damages you are owed. It is against the law for the Defendants, or any person acting on their behalf, to ask for this money back or ask you to give up your current or future wages to get money from the settlement.

You are protected by the Fair Labor Standards Act (FLSA), and it is also against the law for your employer to fire you, report you to immigration, retaliate against you in any way, or threaten to do any of these things for accepting settlement money or refusing to return any money paid to you as part of the settlement with the U.S. Department of Labor. Your employer is also prohibited from retaliating against you for providing information to the U.S. Department of Labor and/or complaining about not receiving minimum wage or overtime for the hours that you worked. Your employer must pay employees for all hours worked, including overtime for all hours worked over 40 in a workweek at a rate of at least 1.5 times the employee's regular rate of pay.

If you are an employee and are not paid for all of your hours worked, are not paid minimum wage for all the hours you work, are not paid overtime, if you have been asked to return your settlement money, if you have been retaliated against, or if you need to update your contact information, please call the U.S. Department of Labor at (914) 682-6348. Your name will be kept confidential to the maximum extent permitted by law.

## EXHIBIT C – AVISO A LOS EMPLEADOS (Español)

SUNRISE HOME CARE INC. and ELSA SILVA (ambos "demandados") han resuelto la demanda con el Departamento del Trabajo Federal de Estados Unidos (el "Departamento") y han entrado en un acuerdo en relación con sus empleados. El acuerdo ha sido aprobado por el juez.

Bajo el acuerdo, los demandados le pagaran al Departamento del Trabajo Federal de Estados Unidos salarios retroactivos para empleados que trabajan o trabajaron como auxiliares de salud a domicilio para Sunrise Home Care durante el periodo del 17 de mayo de 2021 al 14 de mayo de 2023 y el Departamento distribuirá los salarios retroactivos directamente a los empleados.

Usted tiene el derecho de recibir el monto total de cualquier salario retroactivo (luego de las deducciones legales) y el monto de indemnización por daños y perjuicios. Es contra la ley que los demandados, o cualquier persona que actúe en su nombre, pidan que se les devuelva este dinero o le pidan que renuncie a sus salarios actuales o futuros para obtener dinero del acuerdo.

Usted está protegido por la Ley de Normas Razonables del Trabajo (FLSA siglas en ingles), y también está en contra de la ley que su patrono lo despida, lo informe a inmigración, tome represalias contra usted de cualquier manera o amenace con hacer cualquiera de estas cosas por aceptar el dinero del acuerdo o negarse a devolver el dinero que se le haya pagado como parte del acuerdo monetario con el Departamento del Trabajo de Estados Unidos. Su patrono también tiene prohibido tomar represalias contra usted por proporcionar información al Departamento de Trabajo de los Estados Unidos y / o hacer una reclamación de no recibir el salario mínimo o las horas extras por las horas que trabajó. Su patrono debe pagar a los empleados por todas las horas trabajadas, incluidas las horas extras por todas las horas trabajadas en exceso de 40 en una semana laboral a una tasa de no menos de1.5 veces la tasa regular de pago del empleado.

Si usted es un empleado y no se le paga por todas sus horas trabajadas, no se le paga el salario mínimo por todas las horas que trabaja, no se le pagan las horas extras, si se le ha pedido que devuelva el dinero de su liquidación, si ha sido objeto de represalias o si necesita actualizar su información de contacto, favor de comunicarse con el Departamento al (914) 682-6348. Su nombre se mantendrá confidencial en la máxima medida permitida or la ley.

## EXHIBIT C – AVISO AOS EMPREGADOS (Português)

SUNRISE HOME CARE INC. e ELSA SILVA (ambas "Réus") resolveram o processo com o Departamento do Trabalho dos EUA (o "Departamento") e celebraram um acordo em relação aos seus funcionários. O acordo foi homologado pelo juiz.

Nos termos do acordo, os réus pagarão ao Departamento do Trabalho dos EUA salários atrasados para funcionários que trabalham ou trabalharam como auxiliares de saúde domiciliares para o Sunrise Home Care durante o período de 17 de Maio de 2021 a 14 de Maio de 2023 e o Departamento distribuirá os salários atrasados diretamente aos funcionários.

Tem direito a receber o montante total de quaisquer salários em atraso (após deduções legais) e o montante da indemnização por perdas e danos. É contra a lei que os réus, ou qualquer pessoa que aja em seu nome, peçam esse dinheiro de volta ou peçam que você abra mão de seus salários atuais ou futuros para obter dinheiro do acordo.

Você está protegido pelo Fair Labor Standards Act (FLSA), e também é contra a lei que seu empregador o demita, denuncie à imigração, retalie contra você de qualquer forma ou ameace fazer qualquer uma dessas coisas aceitando dinheiro de acordo ou recusando-se a devolver o dinheiro pago a você como parte do acordo monetário com o Departamento do Trabalho dos Estados Unidos. Seu empregador também está proibido de retaliar contra você por fornecer informações ao Departamento do Trabalho dos EUA e/ou fazer uma alegação de que você não recebeu salário mínimo ou horas extras pelas horas que trabalhou. Seu empregador deve pagar aos funcionários por toda as horas trabalhadas, incluindo horas extras por toda as horas trabalhadas acima de 40 em uma semana de trabalho, a uma taxa não inferior a 1.5 vezes a taxa normal de pagamento do empregado.

Se você é um empregado e você não é pago por toda as suas horas trabalhadas, você não recebe salário mínimo por toda as horas que você trabalha, você não recebe pago por horas extras, se você foi solicitado a devolver o dinheiro do seu acordo, se você foi retaliado, ou se você precisa atualizar suas informações de contato, entre em contato com o Departamento pelo telefone (914) 682-6348. O seu nome será mantido confidencial na máxima extensão permitida por lei.